UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS KOUFOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. MANASRAH,<br><br>　　　　Defendant. | Case No.: 1:10-cv-02412 -AWI– JLT (PC)<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER<br><br>(Doc. 13). |

　　　　Plaintiff Nicholas Koufos ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On March 26, 2013, the Court issued an order requiring Plaintiff to either notify the Court of his willingness to proceed on his cognizable claims or file a second amended complaint. (Doc. 13).  Plaintiff was granted 30 days from the date of service, or until April 25, 2013, to comply with the March 26, 2013, order. Id.  More than 30 days have passed but Plaintiff has failed to notify the Court of his willingness to proceed on his cognizable claims, file an amended complaint or otherwise respond to the Court's Order.

　　　　The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions

including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. See, e.g. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Plaintiff is advised that this will be the Court's **FINAL** order for Plaintiff to notify the Court whether he wishes to proceed on his cognizable claims, file a second amended complaint, or otherwise respond to the March 26, 2013, order.  Should Plaintiff fail to comply with this Order, the Court will issue findings and recommendations that this matter be dismissed.  Accordingly, Plaintiff is **ORDERED** to show cause within **14 days** of the date of service of this Order why the action should not be dismissed for his failure comply with the Court's order.  In the alternative, Plaintiff may notify the Court that he wishes to proceed on his cognizable claims or file a second amended complaint.

IT IS SO ORDERED.

Dated:   **May 3, 2013**                       /s/ Jennifer L. Thurston
                                                                UNITED STATES MAGISTRATE JUDGE