UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS KOUFOS,<br><br>           Plaintiff,<br><br>      v.<br><br>A. MANASRAH,<br><br>           Defendants. | Case No.: 1:10-cv-02412 –AWI- JLT (PC)<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE CASE FOR FAILURE TO PROSECUTE<br><br>(Doc. 13). |

Plaintiff Nicholas Koufos ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. On March 26, 2013, as is required, the Court screened Plaintiff's first amended complaint. (Doc. 13). The Court ordered Plaintiff to either notify the Court of his willingness to proceed on his cognizable claims or to file a second amended complaint. (Doc. 13). Plaintiff was given 30 days in which to comply with the Court's order. Id. As Plaintiff failed to comply with the March 26, 2013, order, on May 3, 2013, the Court mandated that Plaintiff show cause within 14 days as to why the matter should not be dismissed. (Doc. 14). More than 14 days have passed since the service of the May 3, 2013, order and Plaintiff has failed to file his second amended complaint or otherwise comply with the Court's order.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition

1

of cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal, as this case has been pending since December 30, 2010. (Doc. 1).  This case cannot be held in abeyance indefinitely based on Plaintiff's continuous failure to comply with the Court's orders.

The risk of prejudice to Defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  Similarly, the factors in favor of dismissal discussed above greatly outweigh the public policy favoring disposition of cases on their merits.  Finally, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff based on Plaintiff's failure to comply with the Court's orders.  Therefore, it is recommended that this matter be **DISMISSED without prejudice** for failure to prosecute.

### FINDINGDS AND RECOMMENDATIONS

Accordingly, the Magistrate Judge **HEREBY RECOMMENDS** as follows:

1. That this action be **DISMISSED without prejudice** for Plaintiff's failure to prosecute; and

2. That these findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 22, 2013**           /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE